UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION PATRICK DAWSON,

            Petitioner,                        Case No. 1:11-cv-369

v.                                                Honorable Robert J. Jonker

JOHN PRELESNIK,

            Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it does not seek relief cognizable on habeas review.

**Factual Allegations**

Petitioner presently is incarcerated at the Ionia Maximum Correctional Facility. Following a jury trial in 2003, Petitioner was convicted of first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a), and being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f. On April 3, 2003, he was sentenced by the Wayne County Circuit Court to life imprisonment for the murder conviction and six years and four months to twelve years and six months imprisonment for the felon-in-possession conviction. In 2007, Petitioner pleaded guilty in Macomb County Circuit Court to possession of less than twenty-five grams of cocaine, MICH. COMP. LAWS § 333.7403(2)(a)(v). He was sentenced on March 7, 2007 to one to four years' imprisonment for the drug conviction.[1]

Petitioner does not challenge the fact of his convictions, nor does he challenge the duration of his sentences in his application for habeas corpus relief. Rather, Petitioner complains of not being returned to Kinross Correctional Facility after he appeared in a civil rights action under an Order for Writ of Habeas Corpus Ad Testificandum in *Dawson v. Burnett*, No. 1:08-cv-363, docket #79 (W.D. Mich. Nov. 29, 2010). The Order for Writ of Habeas Corpus Ad Testificandum provided for Petitioner be sent back to Kinross Correctional Facility after the conclusion of the case. Apparently, the Michigan Department of Corrections (MDOC) sent Petitioner to Ionia Maximum Correctional Facility (ICF) rather than Kinross Correctional Facility. Since he was transferred to ICF, Petitioner alleges that he has been subject to retaliation, has received a false misconduct and

---

[1] The Court obtained information regarding Petitioner's convictions from the MDOC Offender Tracking Information System website at http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=317608.

has been threatened with segregation by prison guards in his petition. He also claims that ICF has an inadequate law library.

On May 17, 2011, Petitioner filed a motion to amend (docket #5) his petition. In his motion, Petitioner seeks to bring additional retaliation claims that have occurred at ICF since the filing of his petition.

## Discussion

Petitioner filed his application for habeas relief under 28 U.S.C. § 2241. Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)*; Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints of retaliation, improper transfer, false misconducts, threats and inadequate law libraries involve conditions of confinement and "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz*, 476 F. Supp. 2d at 718 (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). Petitioner's claims, therefore, "fall outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

An inmate like Petitioner may, however, bring claims that challenge the conditions of confinement under 42 U.S.C. § 1983. *Id.* (citing *Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996)). Although *pro se* litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin*, 391 F.3d at 714 (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition)). The Sixth Circuit has held that where, as here, the claims about the conditions of confinement are not cognizable in an action under § 2241, the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights claims properly in a § 1983 action. *Martin*, 391 F.3d at 714.

Further, Petitioner may not amend his application for habeas corpus relief to add claims concerning the conditions of his confinement. In his motion to amend, Petitioner seeks to bring additional retaliation claims to his petition. Under Fed. R. Civ. P. 15(a), a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Although Respondent has not filed an answer, Petitioner seeks to add claims that are not cognizable on federal review. *See Lutz*, 476 F. Supp. 2d at 718. Therefore, Petitioner's motion for leave to amend his complaint (docket #5) will be denied as futile. Finally, to the extent that Petitioner challenges the Respondent's lack of compliance with the November 29, 2010, Order for Writ of Habeas Corpus Ad Testificandum in *Dawson*, No. 1:08-cv-363, docket #79 (W.D. Mich.), Petitioner must seek relief in that case.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application without prejudice pursuant to Rule 4 because it does not seek relief cognizable on habeas review. The Court will also deny Petitioner's motion to amend (docket #5).

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

       The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

       A Judgment and Order consistent with this Opinion will be entered.


Dated:   June 8, 2011              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE